815 F.2d 705
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SOUTHERN LABOR UNION, LOCAL 295, Plaintiff-Appellee, Cross-Appellant,
v.
GATLIFF COAL COMPANY, Defendant-Appellant, Cross-Appellee.
 Nos. 86-5136 and 86-5173.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1987.
 
 Before ENGEL and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Gatliff Coal Company appeals a district court judgment enforcing an arbitration award of backpay, and Southern Labor Union, Local 295, appeals the failure of the district court to award prejudgment interest from the date of the arbitrator's supplemental decision fixing the amount owed to employees.
 
 
 2
 Gatliff Coal Company provided coal by means of deep mine production, strip mining, and the purchase of coal from outside sources. Approximately 10 percent of Gatliff's monthly output was provided through its deep mine operation. In December 1982, Gatliff temporarily closed its deep mine operation because of the cost of that operation.
 
 
 3
 The collective bargaining agreement between Gatliff and the union did not proscribe the purchase of coal from outside sources, a long-standing company practice. However, the union asserted that the purchase of coal from outside sources at a time of layoff was contrary to the agreement, which allowed the company to "contract and subcontract for the production of products, facilities, or services so long as such contracting or subcontracting does not replace a bargaining unit employee." The union successfully argued that the purchase of coal from outside sources had the effect of replacing bargaining unit employees.
 
 
 4
 A union employee filed a grievance based on Gatliff's use of purchased coal to meet demand and its layoff of bargaining unit employees. The grievance was submitted to arbitration. The arbitrator concluded that the company's right to discontinue operations only applied to a shutdown on a permanent basis, and that under the situation of temporary closure, the purchase of coal from outside sources was tantamount to contracting or subcontracting and had the effect of replacing bargaining unit employees. The arbitrator awarded reinstatement and backpay, but later amended the award to include only backpay, and then only to August 1983, the date the company completely closed its deep mine operations. The district court upheld the arbitration award.
 
 
 5
 Gatliff challenges the district court judgment on several grounds: Gatliff's action did not involve "contracting or subcontracting" as contemplated by the terms of the collective bargaining agreement; the arbitration award was contrary to rights reserved in the management clause, which allowed the company to decrease or discontinue operations in whole or in part; the arbitrator ignored the common law of the shop, the prior practice of the parties, and uncontradicted evidence of the parties' intent; and the award violates federal and state law by leading to a violation of the hot cargo prohibition of the National Labor Relations Act, by sanctioning feather-bedding in violation of the same act, and by allowing double recovery contrary to Kentucky law.
 
 
 6
 Upon consideration, we are of the opinion that the district court correctly resolved the issues presented to it and to us on appeal. We particularly agree with United States District Judge Eugene E. Siler, Jr. that:
 
 
 7
 The issue is not what this Court would have done, or what the preferable outcome would have been in the eyes of the Court. As stated in Industrial Mutual Ass'n, Inc. v. Amalgamated Workers, Local 383, 725 F.2d 406, 409 (6th Cir.1984), the review of this Court is "limited to determining whether the award 'draws its essence from the collective bargaining agreement,' " quoting from United Steelworkers of America v. Enterprise Wheel & Car Corp., [363 U.S. 593, 597 (1960) ]. Moreover, it is immaterial whether this Court believes that the arbitrator's analysis is the best interpretation of the collective bargaining agreement, as it is sufficient if he renders a permissible interpretation. Industrial Mutual Ass'n, Inc. v. Amalgamated Workers, Local 383, supra at 409, quoting from Retail Clerks Union Local No. 1557 v. Murfreesboro Vending Service, Inc., 689 F.2d 623, 626 (6th Cir.1982) (per curiam).
 
 
 8
 Southern Labor Union v. Gatliff Coal Co., No. 84-48, Memorandum on Summary Judgment (E.D.Ky. Jan. 2, 1986).
 
 
 9
 Presented to the district court, but not resolved, was the question of the plaintiff's entitlement to an award of interest from the date of the decision of the arbitrator on February 17, 1984, to the entry of the judgment by the district court on January 2, 1986.
 
 
 10
 Accordingly, the cause is REMANDED to the district court for determination of whether the plaintiff is entitled to prejudgment interest for the above-mentioned period, and in all other respects the judgment of the district court is AFFIRMED.